No. 35,032

L. Lumpkins, *Appellant*, v. The First National Bank of Mt. Hope, *Appellee*.

(109 P. 2d 66)

Opinion filed January 25, 1941.

*William Keith,* of Wichita, for the appellant.

*George McGill, H. C. Castor, Thomas E. Elcock* and *J. Paul Jorgensen,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages for an alleged conversion of funds in a bank. Judgment was for defendant sustaining a demurrer to the petition. Plaintiff appeals.

After the formal allegations, the petition alleged that prior to and subsequent to March 4, 1927, plaintiff was a depositor in defendant bank and that on or about that day defendant fraudulently took from plaintiff money in the amount of $2,047.40 and converted it to its own use; that this conversion consisted of defendant's agents making an unlawful deduction of that sum from a credit of $3,140.75 due plaintiff from defendant for a deposit; that the fraud was further consummated by the bank making fictitious credits and fraudulent entries on its books with reference to the account of plaintiff for forged notes purporting to have been given the bank by plaintiff and finally charging on March 4, 1927, to plaintiff's deposit account

in the bank the sum of $2,047.40 for two of the forged notes, that is, one dated August 30, 1926, in the principal sum of $700 and $28.85 accrued interest, and a second note in the principal sum of $1,300 and $18.77 accrued interest, all to plaintiff's damage in the sum of $3,725. The petition further stated that plaintiff was seventy-two years old and illiterate; that about June, 1934, he suffered a physical and mental breakdown, which compelled his retirement from active business; that this breakdown continued until February, 1938; that for many years during and subsequent to 1906 plaintiff was a depositor in the bank and had confidence in its officers; that during 1925, 1926 and 1927 plaintiff maintained a dual checking account in defendant bank and the Citizens State Bank of Wichita, and during all the times mentioned he received no exact information as to his account in defendant bank except entries in a passbook, which remained in defendant's possession until about August 9, 1928; that on or about February 25, 1938, plaintiff for the first time discovered the actual facts in regard to the fictitious entries in his passbook and the conversion of his money. Judgment was asked in the amount of $3,726 actual damages and $1,000 exemplary damages.

The petition was filed January 16, 1940. It will be noted that the conversion is alleged to have taken place about March 4, 1925, almost thirteen years before the action was started. It will also be noted that plaintiff alleged in his petition that he did not learn about the false entries until February 25, 1938. If the statute started running on March 4, 1927, then the action is barred. If it did not start running until February 25, 1938, then it is not barred. The answer to this question requires a further examination of the record. In compliance with an order of the trial court to strike certain allegations from the petition and to make it definite and certain the plaintiff stated in an amended petition that on August 9, 1928, the bank gave him his passbook which showed that he had no balance in the bank and that from then on until February, 1938, he did nothing about it although from August 9, 1928, until June, 1934, he was in good health and able to do business. Defendant demurred to this petition. The demurrer was sustained. Hence this appeal.

Granting for the sake of argument that the petition did state a cause of action for relief on the ground of fraud, can plaintiff be heard to say that he did not learn until 1938 of the fraud practiced on him in 1927 when the bank told him, by delivering his passbook to him in 1928, that it owed him nothing?

In *Kansas City Title & Trust Co. v. Fourth Nat'l Bank*, 135 Kan. 414, 10 P. 2d 896, in considering a similar question this court said:

"The relation of a bank to its depositor is that of debtor and creditor, and the sum he has on deposit in his checking account is a debt of the bank payable to him on demand; yet because it is payable on demand he cannot sue the bank for the amount of his deposit until payment on demand has been made and refused; and such demand and refusal are necessary to set in motion the statute of limitations. But where the bank renders a statement to the depositor showing the status of his checking account, it says to him in effect, 'This bank owes you this stated balance, and no more.' Such statement may fairly be construed as a notice that any claim the depositor may make in excess of the stated balance would be resisted by the bank. And in that view of the situation the depositor's formal demand for a greater sum and the bank's formal refusal to pay a larger sum would be unnecessary to perfect the depositor's cause of action, and likewise to set in motion the statute of limitations. If this is not the legal effect of the bank's monthly statement to its depositor, it is not apparent what function the monthly statement performs." (p. 422.)

See, also, notes in 28 A. L. R. 1435; also, 87 A. L. R. 344.

The fact that, as alleged in the petition, the plaintiff was illiterate does not take the case out of this rule. He would be able to tell that the bank showed it owed him nothing even if he were unable to read or write. Besides, the bank owed him no greater duty than it owed its other depositors. The petition does not allege any act or word of the bank by which it sought to conceal from plaintiff the status of his account.

Plaintiff complains in this court that the trial court should not have required him to set out the matters that he was required to set out in his amended petition. Be that as it may, he did set them out. Had he not set them out they would have come out during the trial of the action. When they did come out they would have disclosed that the statute of limitations started running against the plaintiff's cause of action not later than August 9, 1928, about twelve years before the action was commenced, and that it was barred.

The judgment of the trial court is affirmed.